UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CHERYL CLEMENT**                        **CASE NO. 6:22-CV-03616**

**VERSUS**                                **JUDGE JAMES D. CAIN, JR.**

**AMERICAN RELIABLE INSURANCE**     **MAGISTRATE JUDGE LEBLANC**
**COMPANY**

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss (Doc. 19) filed by the Defendant, American Reliable Insurance Company ("American Reliable"), under Federal Rule of Civil Procedure 12(b)(5). Plaintiff, Cheryl Clement ("Clement"), opposes the motion. Doc. 24.

## BACKGROUND

This diversity action arises from damages related to Hurricanes Laura and Delta. Doc. 1. Plaintiff's original complaint was filed with this Court on August 24, 2022, by the law firm of McClenny, Moseley, and Associates, PLLC ("MMA"). *Id.* A summons for the Defendant was issued by the Clerk of Court on September 16, 2022. Doc. 3. On October 21, 2022, this Court issued an order staying this case after a Rule to Show cause hearing involving the MMA law firm. Doc. 4. On March 4, 2023, Plaintiffs' counsel was suspended from practicing before the Court. Doc. 9.

On October 31, 2023, the Magistrate Judge issued an order terminating the representation of the Plaintiff by the attorneys of MMA and set a status conference for November 30, 2023. Doc. 14. In that order, the stay was lifted, and Plaintiff was advised that she had a right to retain new counsel, but if new counsel did not enroll, the Magistrate

Judge would presume she would be representing herself.  *Id.*  Also in that order, Plaintiff was instructed to "effect service on the defendant and have proof of that service made part of the record."  *Id.* at 5.  The Magistrate Judge noted that if no proof of service was placed on the record prior to November 30, 2023, the date of the status conference, a deadline would be set by which the Plaintiff must file proof of service into the record.  *Id.*  Plaintiff was warned that a failure to perfect service would result in the Magistrate Judge recommending to the undersigned that the case be dismissed for failure to prosecute.  *Id.*  The Clerk of Court reissued a summons to American Reliable dated October 31, 2023, listing Plaintiff as pro se.  Doc. 15.

On November 29, 2023, new counsel for the Plaintiff filed a motion to enroll.  Doc. 16.  On November 30, 2023, the Magistrate Judge granted the motion to enroll, cancelled the status conference, and set a date of December 15, 2023, for American Reliable to file its answer.  Doc. 18.  On December 5, 2023, American Reliable filed the instant motion to dismiss as well as its corporate disclosure statement. Doc. 19; Doc. 20.  On December 12, 2023, the Clerk of Court reissued the summons to American Reliable. Doc. 22.  On December 18, 2023, the summons was returned as executed.  Doc. 23.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 4 provides the proper means of service for actions filed in federal court, and Rule 4(m) specifies that a complaint must be served on the opposing party within 90 days of its filing.  Absent valid service of process, "proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).  Accordingly, Federal Rule of Civil Procedure 12(b)(5)

2

allows for the dismissal of an action based on insufficient service of process. *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d. ed. 2013)). On such a motion, the serving party bears the burden of proof. *Aetna*, 635 F.3d at 435.

The district court has broad discretion in determining whether to dismiss an action for insufficient service under Rule 12(b)(5). *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). If the motion relates to plaintiff's failure to effect service within Rule 4(m)'s time limit, the court must extend the time to effect service if good cause is shown. *Pugh v. Bank of America*, 2017 WL 1427015, at *1 (E.D. La. Apr. 21, 2017) (citing Fed. R. Civ. P. 4(m)). If there is no good cause shown, the court may at its discretion either dismiss the action without prejudice or grant an extension. *Id.* (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

Defendant argues that dismissal pursuant to Rule 12(b)(5) is warranted because more than ninety days have passed since Plaintiff filed her case and the matter should be dismissed without prejudice. Doc. 19-1. Defendant also notes that Plaintiff failed to effect service by November 30, 2023, as instructed by the Court. *Id.* The Plaintiff questions whether Rule 4(m) has been violated at all given that the case was stayed for over a year. Doc. 24.

The Court finds that its discretion is properly exercised in excusing any late service that may have occurred. While the ninety-day period under Rule 4(m) expired on November 22, 2022, the case was stayed before that date and remained so for over a year.

Plaintiff did not file proof of service before November 30, 2023, as instructed by the Magistrate Judge. However, due to the enrollment of new counsel on November 29, 2023, the Magistrate Judge did not proceed with setting a firm deadline to file proof of service and no recommendation was made to dismiss the case for failure to prosecute. Despite Defendant's argument to the contrary, the Court can find no prejudice to the Defendant. Moreover, any misconduct on the part of Plaintiff's former law firm, MMA, should not subject the Plaintiff herself to such a harsh sanction. Accordingly, late service should be excused so that the case may proceed.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss (Doc. 19) filed by the Defendant will be **DENIED**. Defendant is ordered to file an answer to the complaint by March 25, 2024.

**THUS DONE AND SIGNED** in Chambers on this 11th day of March, 2024.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**